IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREGORY RUFF,

    Petitioner,

vs.                                                    Case No. 4:14cv34-RH/CAS

UNITED STATES,

    Respondent.

                                        /

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On January 23, 2014, Petitioner Gregory Ruff, proceeding pro se, filed a petition for writ of habeas corpus. Doc. 1. Petitioner is serving a state prison sentence; however, Petitioner does not challenge his state court conviction or his confinement pursuant thereto. *See id.* Accordingly, after direction by this Court, Doc. 3, Petitioner filed an amended § 2241 petition, Doc. 5. Petitioner has paid the filing fee. Doc. 4.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). The pleadings and attachments before the Court show that the petition should be dismissed for lack of jurisdiction. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Background

Petitioner indicates he was sentenced in May 2009, in case number 98-CR-6143, by the United States District Court, Southern District of Florida, following a probation revocation hearing. Doc. 5 at 3-4; *see* Doc. 1 at 2. Petitioner indicates he received a two-year federal prison sentence, to run consecutively to his state court sentences. Doc. 5 at 3. Petitioner indicates he is currently serving a sentence in state prison, imposed by the 17th Judicial Circuit, Broward County, in case number 03-18626-CF-10-A, with an anticipated release date of August 9, 2031. *Id.* at 2. Petitioner does not challenge his state conviction or sentence in the instant petition; rather, Petitioner seeks credit on his federal sentence for time he served in the Broward County Jail while in pre-trial detention, pursuant to a detainer by the U.S. Marshal, from December 23, 2003, to September 25, 2006 (1097 days), as well as the time he spent in federal custody for the revocation hearing, from April 27, 2009, until his return to state custody on July 1, 2009 (66 days). *Id.* at 4.

## Analysis

Petitioner indicates that he did not seek an administrative remedy with the Bureau of Prisons (BOP) before filing this federal habeas action. Doc. 5 at 4. Indeed, Petitioner may not be able to seek such a remedy until his federal sentence begins, that is, "the date he is received in custody awaiting transportation to . . . the official detention facility at which the federal sentence is to be served." 18 U.S.C. § 3585(a). Further, until Petitioner has exhausted his BOP remedies, he may not seek federal habeas corpus relief. *See, e.g.*, Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) ("We

agree with the reasoning of our sister circuits and hold that prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements."); <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." (citing <u>United States v. Flanagan</u>, 868 F.2d 1544, 1546 (11th Cir. 1989))). Therefore, this § 2241 petition should be dismissed for lack of jurisdiction. *See, e.g.*, <u>Austin v. Fed. Bureau of Prisons</u>, 529 F. App'x 994, 995 (11th Cir. 2013) (affirming district court's dismissal of § 2241 petition seeking credit against federal sentence for time spent in state custody, explaining petitioner had not exhausted administrative remedies before filing § 2241 petition, and rejecting petitioner's argument that such failure should be excused as he was in state custody and BOP administrative process was unavailable: "[W]e lack authority to excuse him because the [exhaustion] requirement is jurisdictional."); <u>United States v. Williams</u>, 425 F.3d 987, 990 (11th Cir. 2005) (dismissing claim for sentence credit under § 3585(b) for time served because petitioner had not exhausted administrative remedies and, therefore, issue was not ripe for review); *see also, e.g.*, <u>Hunt v. United States</u>, No. 3:12cv265-MCR/EMT, 2012 WL 3155778 (N.D. Fla. June 29, 2012) (Report and Recommendation to dismiss § 2241 petition filed by prisoner in state correctional institution seeking credit on federal sentence for time spent in state custody), adopted by order in 2012 WL 3155772 (N.D. Fla. Aug. 3, 2012) (Order adopting and incorporating Report and Recommendation and dismissing habeas action for lack of jurisdiction).

## Conclusion

This § 2241 petition should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2241 petition for writ of habeas corpus (Doc. 5) be **DISMISSED** for lack of jurisdiction, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 17, 2014.

> **S/  Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**