IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


GREGORY RUFF,

    Petitioner,

v.                                        CASE NO.   4:14cv34-RH/CAS

UNITED STATES OF AMERICA,

    Respondent.

_____/


## ORDER DENYING THE PETITION

    While on supervised release, the petitioner Gregory Ruff committed state crimes.  He was charged with those crimes in state court and was charged in federal court with violating his conditions of supervised release.  He was detained prior to trial on the state charges and a hearing on the federal violation.  He eventually was sentenced first to 30 years in prison on the state charges, and later to 2 years consecutive on the federal violation.

    By a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Mr. Ruff challenges the federal sentencing court's failure to explicitly afford him credit against the federal sentence for time in state or federal detention prior to imposition

of the federal sentence. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 6. No objections have been filed.

The report and recommendation concludes that the petition must be dismissed because Mr. Ruff has not exhausted his administrative remedies within the Bureau of Prisons. But Mr. Ruff is currently in state custody—his state sentence is 30 years—and he therefore cannot yet seek an administrative remedy within the Bureau of Prisons. A prerequisite to a § 2241 habeas petition is exhaustion of available administrative remedies, but it is odd to conclude that a petition must be dismissed for failure to exhaust remedies that are not available. A better conclusion might be that in these circumstances a petition is not ripe.

Still, courts have dismissed petitions in similar circumstances for failure to exhaust. *See, e.g.*, *Austin v. Fed. Bureau of Prisons*, 529 F. App'x 994 (11th Cir. 2013); *Hunt v. United States*, No. 3:12cv265, 2012 WL 3155778 (N.D. Fla. June 29, 2012). And the result is the same whether the issue is viewed as exhaustion or ripeness. *See United States v. Luna-Mora*, 180 F. App'x 847, 849 (11th Cir. 2006) (stating that a petition seeking credit for time served was not ripe because the petitioner had not exhausted his administrative remedies).

More importantly, Mr. Ruff's petition is substantively unfounded. A federal sentencing court need not and ordinarily does not explicitly award credit for time in detention. Instead, calculating the credit is the duty of the Bureau of Prisons, at

least in the first instance.  So Mr. Ruff's assertion that the federal sentencing court should have explicitly awarded him credit is incorrect.

Moreover, the Bureau of Prisons will be obligated to give Mr. Ruff credit for time in state detention only if the time was not credited on the state sentence.  *See* 18 U.S.C. § 3585(b).  Mr. Ruff's petition does not assert that there was any such detention time.  To the extent Mr. Ruff asserts he is entitled to credit for detention time that was credited on the state sentence, he is incorrect on the merits.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is ACCEPTED.

2. The clerk must enter judgment stating, "The petition is DENIED."

3. The clerk must close the file.

SO ORDERED on September 18, 2014.

s/Robert L. Hinkle<br>United States District Judge